IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| MICHAEL J. ZAMPOGNA, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Civil Action No. 13-233 |
| | ) |
| THE SHERIFF OF WESTMORELAND | ) |
| COUNTY, PENNSYLVANIA, and | ) |
| WESTMORELAND COUNTY. | ) |
| | ) |
| Defendants. | ) |

**MEMORANDUM ORDER**

Presently before the Court are a Motion to Dismiss filed by Defendants, the Sheriff of Westmoreland County, Pennsylvania and Westmoreland County (Docket No. [6]), their Brief in Support (Docket No. [7]), and Plaintiff's Brief in Opposition to Defendants' Motion to Dismiss (Docket No. [8]). Upon consideration of these submissions, and the allegations in Plaintiff's Complaint (Docket No. [1]), the Court finds that Plaintiff has argued additional facts in his opposition brief which are not pled in his Complaint, specifically, that Westmoreland County was the entity that paid his salary and benefits while the Sheriff supervised his employment and that such facts are material to the determination of whether Plaintiff has sufficiently pled that Westmoreland County and the Sheriff are joint employers for purposes of Plaintiff's claims under the Age Discrimination in Employment Act, 29 U.S.C. § 621, *et. seq.* ("ADEA"). (*See* Docket Nos. 1, 8). It is well-settled that the Court may not consider additional facts which are argued in a brief in opposition to a motion to dismiss when deciding such a motion under Third Circuit precedent. *See Dongelewicz v. PNC Bank Nat'l. Ass'n.*, 104 F. App'x 811, 819 n.4 (3d Cir. 2004) (citing *Williams v. New Castle County*, 970 F.2d 1260, 1266 n.4 (3d Cir. 1992)). Therefore, the Court will grant Plaintiff leave to amend his Complaint to include all relevant

1

facts supporting his causes of action against the Defendants pursuant to Rule 15(a)(2) of the Federal Rules of Civil Procedure and Defendant's Motion to Dismiss [6] will be denied, without prejudice.

With respect to the forthcoming Amended Complaint, the Court further directs Plaintiff to correct the alleged ambiguities in the Complaint which have been pointed out by Defendants in that several of the paragraphs in the Complaint and the prayer for relief refer to "Defendant" singularly without specifically identifying which of the Defendants is the alleged actor involved or from which Defendant (or Defendants) relief is sought. (*See* Docket No. 1 at ¶¶ 20, 21, 25-28, 30, "Wherefore" clause). In addition, the allegations in ¶ 11 of the Complaint should be clarified because that paragraph appears to refer to Plaintiff in the first person (i.e., "me") while the remainder of the pleading refers to him in the third person (i.e., "Zampogna"). (*Id.* at ¶ 11).

As noted, the Court will deny Defendant's Motion to Dismiss, without prejudice, given that Plaintiff will be filing an Amended Complaint. However, the Court notes that Plaintiff's position that he has sufficiently pled his causes of action against Defendants under the ADEA and the relevant pleading standards applicable to Rule 12(b)(6) motions, *see e.g.*, *Fowler v. UPMC Shadyside*, 578 F.3d 203, 213 (3d Cir. 2009), is well-taken. In this regard, aside from the errors identified above, and with the prospective inclusion of the additional information presented for the first time in his brief in opposition delineating the precise roles of the Sheriff vis-à-vis the County as his alleged joint employers, it appears that Plaintiff has plausibly stated claims for relief against both Defendants under the ADEA because he has alleged that he was: 67 years old and within the protected class; terminated from his position as a Sheriff's Deputy; qualified for this position; and was replaced by an individual who was more than ten (10) years younger than him. *See Haynos v. Siemens Water Technologies Corp.*, Civ. A. No. 12-173, 2012

WL 5834374, at *1 (W.D. Pa. Nov. 16, 2012); *see also Stabile v. Allegheny Ludlum, LLC*, Civ. A. No. 12–168, 2012 WL 3877611, at *5–7 (W.D.Pa. Sept. 6, 2012). The Court also agrees that age discrimination may be inferred from the averments that Plaintiff was asked by his supervisors about his retirement plans on four occasions within the one-month period immediately prior to his termination. *See e.g., Wargats v. Pittsburgh Technical Inst.,* 2007 WL 81056, at *5 (W.D. Pa. Jan. 8, 2007) (McVerry, J.) ("Courts have also recognized, however, that some retirement inquiries are so unnecessary and unreasonable, that such inquiries may constitute evidence of age discrimination, especially when placed in the context of all facts and circumstances in a particular case.") (citations omitted); *Romantine v. CH2M Hill Engineers, Inc.*, Civ. A. No. 09-973, 2010 WL 5419017, at *13 (W.D. Pa. Nov. 24, 2010) (Lenihan, M.J.) (same). In addition, his claim is further supported by his allegation that his replacement was more than ten (10) years younger than him, a fact which also may be sufficient to create a reasonable inference that he was discriminated against in violation of the ADEA. *See Ullrich v. United States Sec'y of Veterans Affairs*, 457 F. App'x 132, 138 n. 3 (3d Cir. 2012) (citing *Hill v. Borough of Kutztown*, 455 F.3d 225, 247 (3d Cir. 2006)) (age discrimination may be inferred from the fact "that a plaintiff's replacement was sufficiently younger to permit a reasonable inference of age discrimination.").

Finally, in this Court's estimation, the remaining issues that have been raised by Defendants are more appropriately addressed in the context of a well-supported motion for summary judgment or, if there are genuine disputes of material facts, argued to the jury at trial. To this end, courts have recognized that the dispute as to whether the County and Sheriff are joint employers is fact intensive and requires discovery prior to resolution by the Court. *See Braden v. County of Washington*, Civ. A. No. 08-574, 2008 WL 5129919, at *3 (W.D. Pa. Dec.

5, 2008) (Ambrose, J.) (holding that joint employer issue in FMLA case was fact intensive and was more appropriately addressed at summary judgment).  In addition, the United States Court of Appeals for the Third Circuit has held that the issue of whether an ADEA violation is willful depends not on any additional proof adduced by a plaintiff in excess of the evidence required to sustain an ADEA claim but whether the facts of the case meet the legal definition of willfulness, i.e., did the employer know or show a reckless disregard for the fact that its conduct was prohibited by the ADEA?  *See Starceski v. Westinghouse Elec. Corp.*, 54 F.3d 1089, 1099 (3d Cir. 1995) (quoting *Hazen Paper Co. v. Biggins*, 507 U.S. 604, 617 (1993) ("An ADEA violation is willful if the employer either 'knew or showed reckless disregard for the matter of whether its conduct was prohibited by the ADEA'" and such determination does not require additional evidence than is required to prove the substantive ADEA claim).  Therefore, the Court finds that dismissal would not be appropriate on a Rule 12(b)(6) motion in light of the arguments raised by Defendants.

For these reasons,

IT IS HEREBY ORDERED that Plaintiff shall file his Amended Complaint by **May 15, 2013 at 12:00 p.m.**

IT IS FURTHER ORDERED that Defendant's Motion to Dismiss [6] is DENIED, without prejudice.

*s/Nora Barry Fischer*
Nora Barry Fischer
U.S. District Court

Date:   May 8, 2013

cc/ecf:  All counsel of record.